NOT FOR PUBLICATION

**UNITED STATES COURT OF APPEALS**

**FOR THE NINTH CIRCUIT**

| | |
|---|---|
| **ROBERT M JOHNSON**, | No. 08-16014 |
| Plaintiff - Appellant, | D.C. No. 2:06-CV-00821-MCE-EFB |
| v. | |
| **ARNOLD SCHWARZENEGGER, RODERICK HICKMAN; ALVARO C. TRAQUINA; TOM L. CAREY; HUGHEY, Head of Pharmacy; NAKU, Pharmacist in Charge**, | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Eastern District of California
Morrison C. England, Jr., District Judge, Presiding

Submitted January 13, 2010[**]
San Francisco, California

Before: **KOZINSKI**, Chief Judge, **HUG** and **CLIFTON**, Circuit Judges.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

We reverse the summary judgment entered by the district court in favor of Defendants Traquina and Naku, and we affirm the summary judgment in favor of Defendant Hughey.

The district court's order appears to accept as true statements made in declarations submitted by Defendants that are disputed by Plaintiff. For example, the Findings and Recommendations (F&R) adopted by the district court stated that "there was no interruption of his Lactulose refills from June 2005 to October 29, 2005." There was, however, conflicting evidence as to that issue. The F&R said that "Plaintiff did not file any inmate 602 complaints or otherwise complain to any of the doctors herein (or to anyone else) that his medication was not being timely delivered at any time from June 2005 to October 29, 2005 (the date that exhibits in his complaint suggest he slipped into a coma)." But a 602 form in the record shows that on July 1, 2005, Plaintiff complained that he had been deprived of his medication for three days because he ran out on June 28.

Similarly, the F&R appears to rely upon a statement in Naku's declaration to the effect that Plaintiff had acknowledged he received his medication "like clockwork" from June until August 25, 2005. The declaration Plaintiff submitted in opposition to summary judgment explicitly denies that he ever made that statement to Naku, and goes on to cite his efforts to pursue his inmate appeal

throughout June, July, and August as support for his contention that there were ongoing failures to provide him with the prescribed dosage of medication. In the face of such conflicting evidence, summary judgment based on the premise that Plaintiff was not in fact deprived of his medications after June 2005 was inappropriate.

Summary judgment also appears to have been granted based upon a conclusion that the named Defendants were not responsible for any interruption in Plaintiff's medication. Based on the record, that was true for Defendant Hughey, so summary judgment in her favor was proper. Whether that was true for the other defendants is a matter of genuine dispute.

Dr. Traquina was the chief medical officer at CSP Solano. In his declaration, he generally disclaimed personal responsibility for Plaintiff's care, but that appears to be at least somewhat inconsistent with his acknowledged role as chief medical officer of the facility. As a prisoner, Plaintiff was not at liberty to turn to just anyone for medical care. Presumably someone within the prison was responsible for ensuring that a prisoner transferred to CSP Solano from another prison would continue to receive necessary medications prescribed at the previous facility. In the absence of any other identified person, it is appropriate for Plaintiff to look to the chief medical officer. Moreover, Dr. Traquina acknowledged

receiving correspondence from Plaintiff's sister concerning Plaintiff's failure to receive prescribed medication regularly. Dr. Traquina's declaration says that as the responsible prison official responding to Plaintiff's Second Level Appeal, he learned that Plaintiff's needs had been "met" and that he "had received his medications, as ordered and without delay, since June 2005." But that Second Level Appeal included Plaintiff's July 1 statement, described above, that he had been without his medication for at least three days, starting on June 28. The record contains enough to present a triable issue of fact regarding Dr. Traquina's knowledge about and responsibility for Plaintiff's care.

Naku's declaration acknowledged that she worked at CSP Solano as a licensed pharmacist, stated that she interviewed Plaintiff in June and August 2005, and said that she used her best efforts to ensure that Plaintiff's prescriptions were filled and that he would automatically receive the proper amount of medication when his prescription needed to be refilled. If, as Plaintiff has stated under oath, he suffered interruptions in his medication supply, there is a triable issue as to defendant Naku's responsibility.

Failure to provide medication to prevent a life-threatening condition may amount to deliberate indifference to a serious medical need. See Gibson v. County of Washoe, 290 F.3d 1175, 1194 (9th Cir. 2002); Lopez v. Smith, 203 F.3d 1122,

1132 (9th Cir. 2000) (en banc); Wakefield v. Thompson, 177 F.3d 1160, 1164–65 (9th Cir. 1999). To be sure, it is also possible that any such failure does not violate the Eighth Amendment on the facts of a particular situation. Proof of medical malpractice or even gross negligence does not suffice to establish a constitutional violation. Wood v. Housewright, 900 F.2d 1332, 1334 (9th Cir. 1990). The current record does not permit resolution of this issue on summary judgment.

The district court also concluded that Plaintiff failed to present a genuine issue of fact as to whether defendants' alleged indifference was the actual and proximate cause of his subsequent suffering and lapse into a coma. The F&R relied on Traquina's assertion that Plaintiff's coma was a natural result of his disease and had nothing to do with the interruptions in Plaintiff's medication supply. But Plaintiff's evidence shows he had abnormally high blood-ammonia levels at least once while he claims he wasn't properly medicated. There is evidence in the record attributing his deterioration to the irregular medication. The evidence is admissible. Fed. R. Evid. 803(4), 805. There is a genuine issue as to whether plaintiff was harmed by deliberate indifference, as distinguished from an inadvertent or merely negligent failure to provide medical care. Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006).

Summary judgment for Traquina and Naku on plaintiff's Eighth Amendment claim was therefore inappropriate.

Each side to bear its own costs.

**AFFIRMED IN PART; REVERSED IN PART; REMANDED.**